_____

No. 22-1198

UNITED STATES OF AMERICA,

Appellee,

v.

TIMOTHY IVORY CARPENTER,

Defendant-Appellant.

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT-APPELLANT'S
MOTION TO RECALL THE MANDATE**

_____

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), the United States respectfully submits this response to Defendant-Appellant Timothy Carpenter's motion to recall the mandate. As set forth below, this Court should hold Carpenter's motion pending the Court's resolution of the pending *en banc* petition in *United States v. Jackson*, No. 22-3958, and any associated rehearing proceedings, and thereafter dispose of Carpenter's motion as appropriate.

## BACKGROUND

On May 2, 2023, this Court issued an opinion affirming Carpenter's 1,395-month sentence, which had been imposed by the district court on resentencing without

application of Section 403 of the First Step Act of 2018. *See United States v. Carpenter*, No. 22-1198, 2023 WL 3200321, at *2 (6th Cir. May 2, 2023) (unpublished). In *United States v. Jackson*, this Court had determined, in a divided opinion, that Section 403 considers a defendant's "status as of December 21, 2018 and ask[s] whether—at that point—a sentence had been imposed on him." 995 F.3d 522, 524-25 (6th Cir. 2021). Consistent with that interpretation, the Court explained that "the posture of Carpenter's case is identical to that of the defendant in *Jackson*" and that, because Carpenter's original sentence was imposed in 2014 but not vacated until 2019, Section 403 was not applicable at his resentencing. 2023 WL 3200321, at *2.

Carpenter petitioned for rehearing *en banc* on the question whether Section 403 of the First Step Act applies "to new sentences imposed on persons who were initially sentenced before the Act's passage and whose sentences were vacated afterwards." Carpenter Reh'g Pet. 1. The Court directed the government to file a response, and the government agreed that *en banc* review is warranted. As the government explained, this Court's precedent is now in conflict with the authoritative decisions of two other courts of appeals to have addressed the issue. *See* U.S. Reh'g Resp. Br. 14-15. Because the *Jackson* panel did not have the benefit of its sister circuits' analyses or the government's arguments in support of its current position (a position that the government reconsidered after *Jackson*), the government urged that *Jackson* not remain the law of this circuit without review by the full Court. *Id.* at 14; *see also* Fed. R. App. P. 35(b)(1)(B).

2

The Court denied the petition after "[l]ess than a majority of the judges voted in favor of rehearing en banc." *United States v. Carpenter*, 80 F.4th 790, 790 (6th Cir. 2023). Four judges concurred in the denial, contending that this Court's precedent is correct. *Id.* at 790-93 (Kethledge, J., concurring). Six judges dissented, observing that the issue "has all the hallmarks of one that warrants the full court's consideration." *Id.* at 796 (Bloomekatz, J., dissenting); *see also id.* at 793-95 (Griffin, J., dissenting).

The Court issued its mandate on September 27, 2023, and the Supreme Court subsequently denied Carpenter's petition for certiorari, *see* --- S. Ct. ----, 2024 WL 674738 (Feb. 20, 2024).

Since this Court denied Carpenter's petition, another defendant—Jackson, whose case is again before the Court—has petitioned for rehearing *en banc* raising the same question. *See* Reh'g Petition, *United States v. Jackson*, No. 22-3958 (6th Cir.) (filed Jan. 18, 2024). The Court ordered the government to respond, and the government has again explained why, in its view, this Court's decision in *Jackson* is incorrect and rehearing *en banc* remains appropriate. *See* U.S. Reh'g Resp. Br. 4-16, *United States v. Jackson*, No. 22-3958 (6th Cir.) (filed Feb. 26, 2024).

## DISCUSSION

Because the identical issue Carpenter previously urged the Court to reconsider *en banc* is again before this Court "in light of Jackson's pending Petition for En Banc review," Carpenter contends that there exist "extraordinary circumstances" that warrant recalling the mandate. *See* Motion to Recall Mandate 5. In particular, Carpenter urges

that the "interests of justice require that [he] should be allowed to benefit from a favorable outcome in *Jackson*, if this Court grants [Jackson's] petition and ultimately rules favorably for him." *Id.* at 6.

Because the merits of Carpenter's motion depend on the Court's resolution of the *en banc* petition in *Jackson*, this Court should hold Carpenter's motion pending its determination of whether to grant the petition in *Jackson* and, if granted, pending any associated rehearing proceedings. Following those proceedings, this Court can dispose of Carpenter's motion as appropriate. If the Court denies Jackson's *en banc* petition, the Court should deny Carpenter's motion. If the Court grants Jackson's petition, however, and ultimately adopts Jackson's and the government's view of Section 403's application, the Court can then consider whether it would be in the interests of justice to recall the mandate to ensure that Carpenter likewise receives the benefit of such a ruling— particularly in light of his diligence in pressing the issue in the district court, before this Court, and before the Supreme Court. *See* Motion to Recall Mandate 6.

\* \* \*

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court hold the motion to recall the mandate pending the Court's resolution of the pending *en banc* petition in *United States v. Jackson*, No. 22-3958, and any associated rehearing proceedings, and thereafter dispose of the motion as appropriate.

March 27, 2024

Respectfully submitted,

DAWN N. ISON
United States Attorney
Eastern District of Michigan

NICOLE M. ARGENTIERI
Principal Deputy Assistant Attorney General

LISA H. MILLER
Deputy Assistant Attorney General

ANDREW GOETZ
Chief, Appellate Division
Eastern District of Michigan

/s/ Andrew C. Noll
ANDREW C. NOLL

BLAKE S. HATLEM
ANDREW PICEK
Assistant United States Attorneys
Eastern District of Michigan

Criminal Division, Appellate Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
(202) 307-1982
Andrew.Noll@usdoj.gov

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 852 words.

2.      This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point type Garamond font.

/s/Andrew C. Noll
ANDREW C. NOLL

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2024, I electronically filed the foregoing Government's Response to Defendant-Appellant's Motion to Recall the Mandate with the Clerk of the Court of the U.S. Court of Appeals for the Sixth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/Andrew C. Noll
ANDREW C. NOLL